**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 30 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>ISILELI LATU,<br><br>    Defendant - Appellant, | Nos. 05-10248 and 05-10257<br><br>D.C. Nos. CR 02-00174-02-HG<br>           CR 02-00542-01-HG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Submitted September 14, 2006[**]
San Francisco, California

Before:    W. FLETCHER and RAWLINSON, Circuit Judges, and
               HENDERSON[***], District Judge.

---

    [*]    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

    [**]    This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Thelton E. Henderson, Senior United States District Judge for the Northern District of California, sitting by designation..

Appellant Isileli Latu appeals the district court's denial of his motion to suppress and its imposition of a 240-month sentence following Latu's guilty plea to a drug conspiracy and to being a felon in possession of firearms.

The district court did not err when it denied Latu's motion to suppress. Although the officers failed to serve the search warrant at the start of the search, in violation of United States v. Gantt, 194 F.3d 987, 1001 (9th Cir. 1999) and Fed. R. Crim Pro. 41(f)(3), not every violation of Rule 41 requires suppression. Evidence is suppressed only where there has been a "fundamental" violation of Rule 41 – one which involves a constitutional violation. United States v. Johnson, 641 F.2d 652, 656 (9th Cir. 1980). A "technical" violation of the Rule requires suppression only if there was a "deliberate disregard of the rule," Gantt, 194 F.3d at 1005, citing United States v. Negrete-Gonzales, 966 F.2d 1277, 1283 (9th Cir. 1992), "or if the defendant was prejudiced." Id.

Nothing in the record suggests that the violation of Rule 41 was "fundamental." Latu raises no constitutional challenge to the warrant itself. There is no evidence in the record that the search exceeded the scope of the warrant or was performed in an unreasonable manner.

The district court found that the agents' failure to serve the warrant properly was unintentional. This finding is supported by the record and is not clearly

erroneous. The court reasonably credited Agent Futa's testimony that he believed serving the warrant at the conclusion of the search would suffice to comply with Rule 41, and that he would have given Latu a copy of the warrant had he asked for it. The court's crediting of the other agents' testimony that none of the occupants asked to see the warrant was also reasonable.

Nor did the district court err by finding no prejudice. There is no evidence in the record to suggest Latu was prejudiced in any manner by the failure to serve the warrant at the outset of the search.

We "regularly" enforce knowing and voluntary waivers of the right to appeal in criminal cases. See United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir. 2000), quoting United States v. Anglin, 215 F.3d 1064, 1066 (9th Cir. 2000). If the appellant's "waiver of appellate rights was knowing and voluntary, inquiry into the waiver's validity is at an end; the valid waiver bars [the appellant's] underlying challenges to his . . . sentence and we must dismiss the appeal." Nguyen, 235 F.3d at 1182 (citing United States v. Michlin, 34 F.3d 896, 898 (9th Cir. 1994)).

Latu waived his right to appeal his sentence in the drug conspiracy case, reserving only his right to appeal and collaterally challenge any upward departure from the guidelines range, to petition for habeas relief on the ground of ineffective

assistance of counsel, and to appeal the denial of the motion to suppress. Latu's waiver of the right to appeal his sentence was knowing and voluntary. Moreover, there was no upward departure that could trigger a right to appeal under the plea agreement; Latu's 240-month sentence was well below the guideline range of 324-405 months.

Latu also argues on appeal that the district court lacked jurisdiction to sentence him under 18 U.S.C. § 922(g)(1) because the firearms were not in or affecting interstate commerce. We have held that subject matter jurisdiction objections are non-waivable. United States v. Ventre, 338 F.3d 1047, 1051 (9th Cir. 2003); United States v. Ruelas, 106 F.3d 1416, 1418 (9th Cir. 1996). Because Latu admitted to possession of firearms made outside, and brought into, Hawaii, a sufficient interstate commerce nexus was established. See United States v. Dorsey, 418 F.3d 1038, 1046 (9th Cir. 2005). Therefore, the district court did not lack jurisdiction to sentence Latu for the firearms plea.

The waiver bars Latu's challenges to his sentence in the drug conspiracy case, and this Court lacks jurisdiction to hear that appeal. See United States v. Pacheco-Navarette, 432 F.3d 967, 972 (9th Cir. 2005).

Case No. 05-10248 is AFFIRMED.

Appeal in Case No. 05-10257 is DISMISSED.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
JAN 16 2007
by: _____
Deputy Clerk

4